1  BEESON SKINNER BEVERLY, LLP
   Donald L. Beeson, CA State Bar No. 56532
2  Brian Beverly, CA State Bar No. 103089
   Malavika Sahai, CA State Bar No. 252047
3  One Kaiser Plaza, Suite 750
   Oakland, CA 94612
4  Tel.: (510) 832-8700
   Fax: (510) 836-2595
5
   Attorneys for Plaintiff
6  CHARCOAL COMPANION, INCORPORATED
7

**E-filing**

**FILED**

JUL 29 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8              UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

               ADR

|  |  |
|---|---|
| CHARCOAL COMPANION, INCORPORATED, | Case No. **C10-03337** JCS |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| LIFETIME BRANDS, INC., and TARGETCORPORATION, | (JURY TRIAL DEMANDED) |
| Defendants. | |

17        Plaintiff, Charcoal Companion, Incorporated ("CCI"), hereby alleges for its

18   complaint against Defendants, Lifetime Brands, Inc. ("Lifetime Brands") and Target

19   Corporation ("Target"), as follows:

20                              **JURISDICTION**

21        1.    This is a civil action arising under the patent laws of the United States, 35

22   U.S.C. §100, *et seq.* This Court has subject matter jurisdiction over this action pursuant

23   to 28 U.S.C. §§1331 and 1338(a).

24                                **VENUE**

25        2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

26   1400(b) because Defendants Lifetime Brands and Target Corporation committed acts of

27   patent infringement in this district.

28

GO 44 SEC. N
NOTICE OF ASSIGNMENT
IS MAGISTRATE JUDGE

**INTRADISTRICT ASSIGNMENT**

3.    This case is exempt from intradistrict assignment pursuant to Civil L. R. 3-2(c) because it includes intellectual property claims.

**PARTIES**

4.    Plaintiff CCI is a California corporation having its principal business offices located at 5905 Christie Avenue, Emeryville, California 94608.

5.    On information and belief, Defendant Lifetime Brands is a Delaware corporation having its principal business offices located at 1000 Stewart Avenue, Garden City, New York 11530.

6.    On information and belief, Defendant Target is a Minnesota corporation having its principal business offices located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

**FACTUAL BACKGROUND**

7.    Plaintiff CCI designs, markets, and distributes barbecue accessories products.

8.    Plaintiff CCI owns U.S. Patent No. D506,352 for a COMBINATION ROASTING UTENSIL AND LIQUID INFUSER (the "'352 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on June 21, 2005, a copy of which is attached hereto as **Exhibit A.**

9.    Plaintiff CCI owns U.S. Patent No. D522,807 for a COMBINATION ROASTING UTENSIL AND LIQUID INFUSER (the "'807 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on June 13, 2006, a copy of which is attached hereto as **Exhibit B.**

10.    Plaintiff CCI owns U.S. Patent No. D506,362 for a BARBEQUE BASKET FOR CORN AND THE LIKE (the "'362 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on June 21, 2005, a copy of which is attached hereto as **Exhibit C.**

11.    Plaintiff CCI owns U.S. Patent No. D521,821 for a BARBEQUE BASKET

1  FOR CORN AND THE LIKE (the "'821 Patent"), which was duly and legally issued by the

2  United States Patent and Trademark Office on May 30, 2006, a copy of which is

3  attached hereto as **Exhibit D**.

4      12.    Upon information and belief, Defendant Lifetime Brands markets,

5  distributes, and sells a variety of houseware products, including cooking accessories for

6  kitchen and outdoor use, under different household brands, including KitchenAid. Upon

7  information and belief, Lifetime Brands sells its houseware products primarily to retail

8  outlets, including mass market retail outlets such as Defendant Target.

9      13.    Upon information and belief, Defendant Target is a mass market retail

10  outlet having retail stores throughout the United States, including in this judicial district.

11      14.    Upon information and belief, Defendant Lifetime Brands has made,

12  imported, used, offered to sell, and/or sold, and continues to make, import, use, offer to

13  sell, and/or sell a vertical chicken roaster product, under the KitchenAid brand

14  ("KitchenAid Chicken Roaster"), covered by the CCI '352 and '807 Patents, including

15  sales of KitchenAid Chicken Roasters to Defendant Target. The KitchenAid Chicken

16  Roaster is shown in **Exhibit E** attached hereto.

17      15.    Upon information and belief, Defendant Target has used, offered to sell,

18  and/or sold, and continues to use, offer to sell, and/or sell KitchenAid Chicken Roaster

19  purchased from Defendant Lifetime Brands.

20      16.    Upon information and belief, Defendants Lifetime Brands has made,

21  imported, used, offered to sell, and/or sold, and continues to make, import, use, offer to

22  sell, and/or sell a corn grilling basket product, under the KitchenAid brand ("KitchenAid

23  Corn Basket"), covered by the CCI '362 and '821 Patents, including sales of KitchenAid

24  Corn Baskets to Defendant Target. The KitchenAid Corn Basket is shown in **Exhibit F**

25  attached hereto.

26      17.    Upon information and belief, Defendant Target has used, offered to sell,

27  and/or sold, and continues to use, offer to sell, and/or sell KitchenAid Corn Baskets

28  purchased from Defendant Lifetime Brands.

1  18.  Plaintiff CCI has not authorized Defendants Lifetime Brands and Target, or

2  either of them, to make, import, use, offer to sell, and/or sell either the KitchenAid

3  Chicken Roaster or the KitchenAid Corn Basket.

**FIRST CLAIM FOR RELIEF:**

**PATENT INFRINGEMENT – 35 U.S.C. §271, et seq.**

6  19.  Plaintiff CCI incorporates the allegations of paragraphs 1-18 above.

7  20.  Upon information and belief, Defendants Lifetime Brands and Target have

8  been, and currently are, infringing the '352 Patent by making, using, importing, selling,

9  and/or offering for sale the KitchenAid Chicken Roaster.

10  21.  As a direct and proximate consequence of Defendants Lifetime Brands'

11  and Target's infringement of the '352 Patent, Plaintiff CCI has suffered and will continue

12  to suffer irreparable injury and damages in an amount not yet determined for which

13  Plaintiff CCI is entitled to relief.

14  22.  Upon information and belief, Defendants Lifetime Brands and Target have

15  been on actual or constructive notice of the '352 Patent, and infringement of the '352

16  Patent by Defendants Lifetime Brands and Target has been willful and deliberate.

17  23.  Pursuant to 35 U.S.C. § 284, Plaintiff CCI is entitled to damages, and to

18  treble damages on grounds that, on information and belief, the infringement by

19  Defendants Lifetime Brands and Target was willful and deliberate.

20  24.  Pursuant to 35 U.S.C. § 283, Plaintiff CCI is entitled to temporary and

21  permanent injunctions enjoining Defendants Lifetime Brands and Target from further

22  infringing the '352 Patent.

23  25.  Pursuant to 35 U.S.C. § 289, Plaintiff CCI is entitled to Defendants Lifetime

24  Brands' and Target's profits derived from infringing the '352 Patent.

**SECOND CLAIM FOR RELIEF:**

**PATENT INFRINGEMENT – 35 U.S.C. §271, et seq.**

27  26.  Plaintiff CCI incorporates the allegations of paragraphs 1-18 above.

28  27.  Upon information and belief, Defendants Lifetime Brands and Target have

COMPLAINT FOR PATENT INFRINGEMENT    4

1    been, and currently are, infringing the '807 Patent by making, using, importing, selling,
2    and/or offering for sale the KitchenAid Chicken Roaster.

3        28.    As a direct and proximate consequence of Defendants Lifetime Brands'
4    and Target's infringement of the '807 Patent, Plaintiff CCI has suffered and will continue
5    to suffer irreparable injury and damages in an amount not yet determined for which
6    Plaintiff CCI is entitled to relief.

7        29.    Upon information and belief, Defendants Lifetime Brands and Target have
8    been on actual or constructive notice of the '807 Patent, and infringement of the '807
9    Patent by Defendants Lifetime Brands and Target has been willful and deliberate.

10       30.    Pursuant to 35 U.S.C. § 284, Plaintiff CCI is entitled to damages, and to
11   treble damages on grounds that, on information and belief, the infringement by
12   Defendants Lifetime Brands and Target was willful and deliberate.

13       31.    Pursuant to 35 U.S.C. § 283, Plaintiff CCI is entitled to temporary and
14   permanent injunctions enjoining Defendants Lifetime Brands and Target from further
15   infringing the '807 Patent.

16       32.    Pursuant to 35 U.S.C. § 289, Plaintiff CCI is entitled to Defendants Lifetime
17   Brands' and Target's profits derived from infringing the '807 Patent.

18                          **THIRD CLAIM FOR RELIEF:**

19               **PATENT INFRINGEMENT – 35 U.S.C. §271, et seq.**

20       33.    Plaintiff CCI incorporates the allegations of paragraphs 1-18 above.

21       34.    Upon information and belief, Defendants Lifetime Brands and Target have
22   been, and currently are, infringing the '362 Patent by making, using, importing, selling,
23   and/or offering for sale the KitchenAid Corn Basket.

24       35.    As a direct and proximate consequence of Defendants Lifetime Brands'
25   and Target's infringement of the '362 Patent, Plaintiff CCI has suffered and will continue
26   to suffer irreparable injury and damages in an amount not yet determined for which
27   Plaintiff CCI is entitled to relief.

28       36.    Upon information and belief, Defendants Lifetime Brands and Target have

COMPLAINT FOR PATENT INFRINGEMENT          5

1 | been on actual or constructive notice of the '362 Patent, and infringement of the '362

2 | Patent by Defendants Lifetime Brands and Target has been willful and deliberate.

3 |     37.    Pursuant to 35 U.S.C. § 284, Plaintiff CCI is entitled to damages, and to

4 | treble damages on grounds that, on information and belief, the infringement by

5 | Defendants Lifetime Brands and Target was willful and deliberate.

6 |     38.    Pursuant to 35 U.S.C. § 283, Plaintiff CCI is entitled to temporary and

7 | permanent injunctions enjoining Defendants Lifetime Brands and Target from further

8 | infringing the '362 Patent.

9 |     39.    Pursuant to 35 U.S.C. § 289, Plaintiff CCI is entitled to Defendants Lifetime

10 | Brands' and Target's profits derived from infringing the '362 Patent.

11 | **FOURTH CLAIM FOR RELIEF:**

12 | **PATENT INFRINGEMENT – 35 U.S.C. §271, et seq.**

13 |     40.    Plaintiff CCI incorporates the allegations of paragraphs 1-18 above.

14 |     41.    Upon information and belief, Defendants Lifetime Brands and Target have

15 | been, and currently are, infringing the '821 Patent by making, using, importing, selling,

16 | and/or offering for sale the KitchenAid Corn Basket.

17 |     42.    As a direct and proximate consequence of Defendants Lifetime Brands'

18 | and Target's infringement of the '821 Patent, Plaintiff CCI has suffered and will continue

19 | to suffer irreparable injury and damages in an amount not yet determined for which

20 | Plaintiff CCI is entitled to relief.

21 |     43.    Upon information and belief, Defendants Lifetime Brands and Target have

22 | been on actual or constructive notice of the '821 Patent, and infringement of the '821

23 | Patent by Defendants Lifetime Brands and Target has been willful and deliberate.

24 |     44.    Pursuant to 35 U.S.C. § 284, Plaintiff CCI is entitled to damages, and to

25 | treble damages on grounds that, on information and belief, the infringement by

26 | Defendants Lifetime Brands and Target was willful and deliberate.

27 |     45.    Pursuant to 35 U.S.C. § 283, Plaintiff CCI is entitled to temporary and

28 | permanent injunctions enjoining Defendants Lifetime Brands and Target from further

1   infringing the '821 Patent.

2       46.    Pursuant to 35 U.S.C. § 289, Plaintiff CCI is entitled to Defendants Lifetime

3   Brands' and Target's profits derived from infringing the '821 Patent.

4                              **PRAYER FOR RELIEF**

5       WHEREFORE, Plaintiff CCI requests that this Court enter judgment in its favor

6   against Defendants Lifetime Brands and Target as follows:

7       47.    Declaring that Defendants Lifetime Brands and Target have infringed the

8   '352, '807, '362, and '821 Patents;

9       48.    Declaring that such infringement by Defendants Lifetime Brands and Target

10  has been willful and deliberate;

11      49.    Preliminarily and permanently enjoining Defendants Lifetime Brands and

12  Target, including their respective officers, directors, agents, employees, parents, and

13  subsidiaries, and all others acting or controlled by or through either or both Defendants,

14  or acting in concert or participating with either or both Defendants, from making, using,

15  causing to be used, selling, offering to sell, and importing into the United States any

16  goods that directly infringe or contributorily infringe the '352, '807, '362, and '821 Patents,

17  or from inducing or causing others to infringe the '352, '807, '362, and '821 Patents,

18  pursuant to 35 U.S.C. § 283;

19      50.    That Plaintiff CCI be awarded compensatory damages according to proof

20  on account of such infringements in accordance with 35 U.S.C. §284, and pre-judgment

21  and post-judgment interest on such award;

22      51.    That treble damages be assessed against Defendants Lifetime Brands and

23  Target for willful infringement pursuant to 35 U.S.C. §284;

24      52.    That CCI be awarded Defendants Lifetime Brands' and Target's total profit

25  on account of such infringements under 35 U.S.C. §289, and pre-judgment and post-

26  judgment interest on such award;

27      53.    Awarding Plaintiff CCI reasonable attorneys fees pursuant to 35 U.S.C. §

28  285; and

COMPLAINT FOR PATENT INFRINGEMENT        7

1      54.      Awarding Plaintiff CCI such further and additional relief as this Court deems

2   just and proper.

3                            **DEMAND FOR JURY TRIAL**

4      55.      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff CCI hereby demands a trial by

5   jury on all claims asserted herein.

6               **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

7      56.      Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date,

8   other than the named parties, there is no such interest to report.

9   Date: July 29, 2010                    BEESON SKINNER BEVERLY, LLP

10

11                                   By  /s/ Brian Beverly
                                          Brian Beverly
12                                        Attorneys for Plaintiff
                                          Charcoal Companion, Incorporated
13

14

15

16

17                                            .

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT              8

# EXHIBIT A

**EXHIBIT A**



US00D506352S

(12) **United States Design Patent** (10) Patent No.: **US D506,352 S**
Dow et al. (45) Date of Patent: ∗∗ **Jun. 21, 2005**

(54) **COMBINATION ROASTING UTENSIL AND LIQUID INFUSER**

(75) Inventors: **Shannon Dow**, Berkeley, CA (US);
**Sharon Ellen Kallenberger**, Alameda, CA (US)

(73) Assignee: **Charcoal Companion Incorporated**, Oakland, CA (US)

(∗∗) Term: **14 Years**

(21) Appl. No.: **29/212,967**

(22) Filed: **Sep. 10, 2004**

(51) LOC (8) Cl. ...................................................... **07-02**
(52) U.S. Cl. ...................................................... **D7/361**
(58) Field of Search ........................... D7/354, 357, 359, D7/360, 361, 409; 99/345, 347, 419, 422, 448; 219/732, 735; D28/61

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,362,921 A | ∗ | 11/1944 | Palensky ..................... 99/419 |
| 2,821,904 A | | 2/1958 | Arcabosso |
| 5,301,602 A | | 4/1994 | Ryczek |
| 5,575,198 A | | 11/1996 | Lowery |
| 6,062,131 A | | 5/2000 | Holland |
| 6,125,739 A | ∗ | 10/2000 | Jernigan ..................... 99/345 |
| 6,467,399 B1 | ∗ | 10/2002 | Boutte ..................... 99/347 |
| 6,487,964 B2 | ∗ | 12/2002 | Snoke et al. ................. 99/345 |
| 6,502,501 B1 | ∗ | 1/2003 | Simon ..................... 99/345 |
| D493,256 S | ∗ | 7/2004 | Kim ..................... D28/61 |
| 6,779,438 B1 | | 8/2004 | Citrynell et al. |
| 2002/0100371 A1 | ∗ | 8/2002 | Snoke et al. ................. 99/419 |
| 2002/0195001 A1 | ∗ | 12/2002 | Hester ..................... 99/345 |

∗ cited by examiner

*Primary Examiner*—Caron D. Veynar
*Assistant Examiner*—Vy Nguyen
(74) *Attorney, Agent, or Firm*—Donald L. Beeson

(57) **CLAIM**

The ornamental design for a combination roasting utensil and liquid infuser, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a combination roasting utensil and liquid infuser showing our new design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a left side elevational view thereof;
FIG. 5 is a right side elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.

**1 Claim, 5 Drawing Sheets**





*FIG._1*



FIG._2

FIG._4

Case3:10-cv-03337-JCS   Document1   Filed07/29/10   Page13 of 36



FIG.—3

FIG.—5

Case3:10-cv-03337-JCS   Document1   Filed07/29/10   Page14 of 36



FIG._6



FIG._7

# EXHIBIT  B

**EXHIBIT B**



US00D522807S

(12) **United States Design Patent**  (10) Patent No.: **US D522,807 S**
Dow et al.                                (45) **Date of Patent:**  ** **Jun. 13, 2006**

(54) **COMBINATION ROASTING UTENSIL AND LIQUID INFUSER**

(75) Inventors: **Shannon Dow**, Berkeley, CA (US); **Sharon Ellen Kallenberger**, Alameda, CA (US)

(73) Assignee: **Charcoal Companion Incorporated**, Emeryville, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/232,676**

(22) Filed: **Jun. 21, 2005**

**Related U.S. Application Data**

(63) Continuation of application No. 29/212,967, filed on Sep. 10, 2004, now Pat. No. Des. 506,532.

(51) **LOC (8) Cl.** ...................................................... **07-02**

(52) **U.S. Cl.** ......................................... **D7/409**; D7/361

(58) **Field of Classification Search** .......... D7/354–361, D7/409, 550.1, 553.1, 553, 553.7, 566, 586–588; D28/61; 219/732, 735; 206/558; 220/574, 220/575; 99/345, 347, 419, 422, 448
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 6,125,739 | A | * | 10/2000 | Jernigan | ...................... 99/345 |
| D453,308 | S | * | 2/2002 | McCauley | .................. D11/152 |
| D453,488 | S | * | 2/2002 | McCauley | .................. D11/152 |
| 6,467,399 | B1 | * | 10/2002 | Boutte | .......................... 99/347 |
| 6,487,964 | B1 | * | 12/2002 | Snoke et al. | .................. 99/345 |

| | | | | | |
|---|---|---|---|---|---|
| D486,991 | S | * | 2/2004 | Lee | .............................. D7/357 |
| D506,352 | S | * | 6/2005 | Dow et al. | .................... D7/361 |
| 2002/0100371 | A1 | * | 8/2002 | Snoke et al. | .................. 99/419 |
| 2002/0195000 | A1 | * | 12/2002 | Hester | .......................... 99/345 |
| 2002/0195001 | A1 | * | 12/2002 | Hester | .......................... 99/345 |

OTHER PUBLICATIONS

Halco, Harold Leonard & Co. Inc., Quality Crafted Food Service Products, 1999☐☐Food Preparation, p. 50☐☐Item # 79269, "Brad and Loaf Pans".*

* cited by examiner

*Primary Examiner*—Caron D. Veynar
*Assistant Examiner*—Ricky Pham
(74) *Attorney, Agent, or Firm*—Donald L. Beeson; Beeson Skinner Beverly

(57) **CLAIM**

The ornamental design for a combination roasting utensil and liquid infuser, as shown and described.

**DESCRIPTION**

FIG. 1 is an enlarged top perspective view of a combination roasting utensil and liquid infuser showing our new design;
FIG. 2 is a front elevational view thereof;
FIG. 3 is a rear elevational view thereof;
FIG. 4 is a left side elevational view thereof;
FIG. 5 is a right side elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.
The broken lines shown in FIGS. 1–7 are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**





**FIG._1**



FIG._2

FIG._3



FIG._4

FIG._5



*FIG._6*

**U.S. Patent**     Jun. 13, 2006     Sheet 5 of 5     US D522,807 S



*FIG._7*

# EXHIBIT C

EXHIBIT C



US00D506362S

(12) **United States Design Patent**　(10) **Patent No.:** **US D506,362 S**
Dow et al.　(45) **Date of Patent:** ✳✳ **Jun. 21, 2005**

(54) **BARBECUE BASKET FOR CORN AND THE LIKE**

(75) Inventors: **Shannon Dow**, Berkeley, CA (US); **Sharon Ellen Kallenberger**, Alameda, CA (US)

(73) Assignee: **Charcoal Companion Incorporated**, Oakland, CA (US)

(✳✳) Term: **14 Years**

(21) Appl. No.: **29/199,476**

(22) Filed: **Feb. 13, 2004**

(51) **LOC (8) Cl.** ..................................................... **07-06**
(52) **U.S. Cl.** .......................................... **D7/686;** D7/669
(58) **Field of Search** .......................... D7/669, 683–687, D7/672, 652; 99/339, 402, 419, 421 A, 426, 427, 441

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 1,945,165 | A | ✳ | 1/1934 | Smith ........................... | 99/441 |
| 2,317,388 | A | ✳ | 4/1943 | Lako, Jr. ...................... | 99/339 |
| D156,731 | S | ✳ | 1/1950 | Hobbs .......................... | D7/686 |
| 2,804,819 | A | ✳ | 9/1957 | Whealton .................... | 99/441 |
| 2,966,841 | A | ✳ | 1/1961 | Jigamian ...................... | 99/441 |
| 4,212,235 | A | ✳ | 7/1980 | Snyder ......................... | 99/441 |
| 4,380,192 | A | ✳ | 4/1983 | Doren .......................... | 99/441 |

OTHER PUBLICATIONS

Charcoal Companion, Product Catalog, 2002, selected pages.
Charcoal Companion, Product Catalog, 1993, selected pages.

✳ cited by examiner

*Primary Examiner*—Terry A. Wallace
(74) *Attorney, Agent, or Firm*—Donald L. Beeson

(57) **CLAIM**

The ornamental design for a barbecue basket for corn and the like, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a top of a barbecue basket for corn and the like showing our new design;
FIG. 2 is a top plan view thereof;
FIG. 3 is a right side elevational view thereof, the left side being a mirror image;
FIG. 4 is a bottom plan view thereof;
FIG. 5 is a front elevational view thereof; and,
FIG. 6 is a rear elevational view thereof.
The broken lines in FIGS. 1–4 showing a handle for the barbecue basket for corn and the like are for illustrative purposes only and form no part of our claimed design.

**1 Claim, 3 Drawing Sheets**



**U.S. Patent**     Jun. 21, 2005     Sheet 1 of 3     **US D506,362 S**



*FIG._1*



*FIG._2*

*FIG._3*



FIG._4

FIG._5

FIG._6

# EXHIBIT  D



US00D521821S

(12) **United States Design Patent** (10) Patent No.: **US D521,821 S**
Dow et al. (45) Date of Patent: ✱✱ **May 30, 2006**

(54) **PORTION OF A BARBECUE BASKET FOR CORN AND THE LIKE**

(75) Inventors: **Shannon Dow**, Berkeley, CA (US); **Sharon Ellen Kallenberger**, Alameda, CA (US)

(73) Assignee: **Charcoal Companion Incorporated**, Emeryville, CA (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/232,674**

(22) Filed: **Jun. 21, 2005**

### Related U.S. Application Data

(63) Continuation of application No. 29/199,476, filed on Feb. 13, 2004, now Pat. No. Des. 506,362.

(51) **LOC (8) Cl.** .................................................. **07-06**
(52) **U.S. Cl.** .......................................... **D7/686**; D7/669
(58) **Field of Classification Search** ................. D7/669,
D7/683–687, 672, 652; 99/339, 402, 419,
99/421 A, 426, 427, 441
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

1,945,165 A   ✱   1/1934   Smith .......................... 99/441

2,317,388 A   ✱   4/1943   Lako, Jr. ...................... 99/339
D156,731 S   ✱   1/1950   Hobbs .......................... D7/686
2,804,819 A   ✱   9/1957   Whealton ..................... 99/441
2,966,841 A   ✱   1/1961   Jigamian ...................... 99/441
4,212,235 A   ✱   7/1980   Snyder ......................... 99/441
4,380,192 A   ✱   4/1983   Doren .......................... 99/441

✱ cited by examiner

*Primary Examiner*—Terry A. Wallace
(74) *Attorney, Agent, or Firm*—Donald L. Beeson

(57) **CLAIM**

The ornamental design for a portion of a barbecue basket for corn and the like, as shown and described.

**DESCRIPTION**

FIG. 1 is a top perspective view of a top of a portion of a barbecue basket for corn and the like showing our new design;

FIG. 2 is a top plan view thereof;

FIG. 3 is a right side elevational view thereof, the left side being a mirror image;

FIG. 4 is a bottom plan view thereof;

FIG. 5 is a front elevational view thereof; and,

FIG. 6 is a rear elevational view thereof.

The broken lines in FIGS. 1–6 are for illustrative purposes only and form no part of our claimed design.

**1 Claim, 3 Drawing Sheets**



**U.S. Patent**     **May 30, 2006**     **Sheet 1 of 3**     **US D521,821 S**



*FIG.--1*



FIG._2

FIG._3

Case3:10-cv-03337-JCS Document1 Filed07/29/10 Page32 of 36



FIG._4

FIG._5

FIG._6

# EXHIBIT E



# EXHIBIT  F

EXHIBIT F

